VERMONT SUPERIOR COURT
Windsor Unit
12 The Green
Woodstock VT 05091
802-457-2121
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-SC-02343

Commissioner of Labor, State of Vermont
      Plaintiff

v.

Corey Greene
      Defendant

## Decision on Motion for Installment Judgment

In this small-claims collection action, defendant answered the complaint by admitting that he owes the debt and by asking to pay the judgment in monthly installments of $40. The court responded—as it has done in other cases, e.g., *Capital One, N.A. v. Chase*, No. 23-SC-01658, 2023 WL 7309302 (Vt. Super. Ct. Oct. 18, 2023) (Corbett, J.)—by issuing an entry order to the effect that the court would not order installment payments without first ensuring that defendant had received notice of the debtor exemptions that may be available. The court mailed defendant a copy of the list of exemptions and a disclosure form, and indicated that it would review the stipulation after defendant acknowledged receipt of the list and returned the disclosure.

In response, plaintiff filed a revised stipulation in which the parties agreed that judgment should be entered for plaintiff, and that defendant should be ordered to pay monthly installments of $160. Plaintiff referenced defendant's ability to pay this increased amount, but did not indicate whether defendant received the list of exemptions that had been mailed by the court. Plaintiff also filed a motion objecting to the court's entry order. Plaintiff argued that disclosure of the exemptions was not required, and that the court's entry order was not consistent with current statewide practices. Plaintiff's motion provides the court with an opportunity to explain its approach to these issues, and to clarify the procedures it intends to follow in similar cases.

The court's focus is on the practice of installment judgments. This is a blended procedure that is available under the Vermont Small Claims Procedure Rules, and which includes components of both judgment and collection. In the following paragraphs, the court describes the procedural protections that apply to each of the separate components, and then identifies the basis for its concern that current practices surrounding the blended procedure are not adequately protecting the due-process interests of small-claims defendants.

The first component involves the merits determination. In small-claims court, the merits of the case are established either when the defendant fails to answer the complaint and is defaulted, the defendant answers the complaint by admitting the debt in full, or the court makes factual findings by a preponderance of the evidence presented at a merits hearing. Vt. R. Small Claims P. 3(d)(1), 3(e)(1), & 6(a). The merits are expressed in a judgment order in the form of the amount of money that the defendant owes to the plaintiff, including "the principal amount found to be due, all interest accrued on that amount up to and including the date of entry of judgment, and all costs allowed to the prevailing party." Vt. R. Civ. P. 54(a); Vt. R. Small Claims P. 6(e); 12 V.S.A. § 5531(b). In other words, the merits determination establishes whether the defendant owes money to the plaintiff, and if so, how much. The merits determination does not result in any special instructions regarding how the money will be collected.

The second component involves collection, meaning the court procedures that are available to assist a plaintiff in collecting a judgment. In small-claims court, a plaintiff may seek court-ordered enforcement of a judgment by obtaining a writ of execution to seize the defendant's property, Vt. R. Small Claims P. 9(b), by seeking trustee process against the defendant's assets or wages, Vt. R. Small Claims P. 9(a), or by seeking a financial disclosure hearing at which the defendant may be ordered to "make such payments as are deemed appropriate." Vt. R. Small Claims P. 7(c); 12 V.S.A. § 5537(b). For each of these procedures, there are additional rules that plaintiffs must follow, and additional findings that must be made by the court before the request is granted. A requirement common to each of these methods is that the defendant must receive notice of the available debtor exemptions before enforcement occurs.

The debtor exemptions are a collection of statutes that protect certain assets and income streams from collection. The exemptions are established by the Legislature, and are meant to ensure that debtors are not forced into "total poverty," and that public-assistance benefits are used for their intended purposes of shelter and basic sustenance rather than for the repayment of debt. *In re Riendeau*, 293 B.R. 832, 835 (D. Vt. 2002); Lynch, Vermont's New Debtor's Exemption Statute, 13 Vt. L. Rev. 609, 611–12 (1989). Included within the exemptions are rules that protect some of a debtor's assets, and rules that protect a debtor's income if they receive certain public benefits from DCF and DVHA like food stamps or fuel assistance, or if they receive social-security payments or disability payments. 12 V.S.A. § 2740; 12 V.S.A. § 3170; 27 V.S.A. § 101.

It is typically the defendant's burden to show that they are entitled to an exemption. In order to safeguard against the risk of erroneous deprivation, due process requires that defendants be provided with notice of the exemptions and an opportunity to be heard in connection with a court-ordered enforcement of a judgment. *McCahey v. L.P. Investors*, 774 F.2d 543, 548 (2d Cir. 1985); *Dionne v. Bouley*, 757 F.2d 1344, 1350–51 (1st Cir. 1985); *Finberg v. Sullivan*, 634 F.2d 50, 56–57 (3d Cir. 1980) (en banc); *Strickland v. Alexander*, 153 F.Supp.3d 1397, 1406–09 (N.D. Ga. 2015).

Vermont courts have effectuated these requirements by preparing a list of the most-common debtor exemptions, together with a disclosure form, and by requiring through procedural rules that defendants receive a copy of the list before the court orders collection. For example, in cases where a plaintiff seeks a financial disclosure hearing, the court sends the list of exemptions and a disclosure form to the defendant before the hearing occurs. Vt. R. Small Claims P. 7(b)(1). At the hearing, the court considers evidence about the defendant's financial circumstances, and any exemptions asserted by the defendant, and may issue an order requiring the defendant to "make such payments as are

deemed appropriate" if the court finds that the judgment has remained unpaid for more than 30 days and that: (1) the defendant has received notice of the exemptions that are available by law, (2) the defendant has not shown the right to any exemption, and (3) the defendant has the ability to make the payments. Vt. R. Small Claims P. 7(c)(1). This is a commonly-used procedure.

An installment judgment is also a commonly-used procedure, which allows the small-claims court to issue a judgment that both identifies the amount of money owed and also includes "a provision allowing payment of the judgment in specified installments." Vt. R. Small Claims P. 6(e). In other words, the procedure streamlines the otherwise two-step process of the merits determination and the financial disclosure hearing, consistent with the goal of small-claims procedures that are "simple, informal, and inexpensive." 12 V.S.A. § 5531(a). However, even though the "simple" procedure blends the components of judgment and collection, the small-claims rules do not specify whether installment judgments must follow the rules that pertain to both components. As described in more detail below, current practices follow some of the rules, but not all of them. The court's assessment is that the current practices are too informal, and are not sufficient to safeguard against the risk of erroneous deprivation. *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976); *McCahey*, 774 F.2d at 548.

In particular, there is a practice in which installment judgments are ordered on the basis of the pleadings, without any court hearing ever taking place. The practice is not codified in any rule, but it transpires in the following manner. A defendant who has been sued in small-claims court receives a copy of the complaint and summons, along with a blank answer form and a page of instructions. The instructions are written by the court, and are on court letterhead. The instructions tell the defendant that they have been sued, and provide the defendant with information about their options. The first option described is that the defendant can "agree" that they "owe the money." If the defendant agrees with this statement, they are instructed to check the corresponding box on the answer form and send payment directly to the plaintiff. The second option described is for defendants who agree that they owe the money, but "cannot pay it all at this time." These defendants are instructed to check the box on the answer form that "requests an installment judgment" and to "indicate the amount of money that you can pay, as well as the pay period and start date for any payments." The instructions note that the payment schedule must be "reasonable," that it is subject to the approval of the court, and that a plaintiff may object to the payment schedule and request a hearing. The third option described is for defendants who disagree that they owe the money requested in the complaint: they are instructed to check the box that requests a hearing, and to list their reasons why they deny the claim.

In other words, the instructions convey the impression that a defendant's options are to admit the debt and pay immediately, admit the debt and make payments according to a schedule, or deny that they owe the debt. The instructions do not ask a defendant simply to admit or deny the allegations in the complaint, which is all that would be needed to facilitate the merits determination. Instead, the small-claims instructions go further, and ask an admitting defendant to choose between the options of paying immediately or paying according to a schedule. In this regard, the instructions take on the additional role of asking the defendant to choose between methods of collection. It may be efficient and expedient to broach this topic in the instructions, but if the court is going to ask small-claims defendants to make choices about collection as part of their answer, then the court is responsible for providing defendants with enough information to make the choice a meaningful one. In particular, the court should provide defendants with notice of the available exemptions.

The instructions provide some information about debtor exemptions, but the information is opaque, and the explanation is not adequate. Defendants are told that if they "think" that some or all of their income "may be exempt from collection," they should check a corresponding box on the answer form and send a disclosure form to the court. Defendants are not told what it means for income to be exempt from collection, nor what the available exemptions are, nor how any of this might relate to a payment schedule or to their obligation to pay immediately if judgment is entered. Defendants do not receive either the actual list of exemptions or the disclosure form. Instead, a defendant who wants to read the list of exemptions or obtain a copy of the disclosure form is directed to the front page of the Vermont Judiciary website, without any information about how to navigate the website to find either the list of exemptions or the disclosure form. The website is not intuitive. The court's concern is that the instructions prompt small-claims defendants to make choices about collection, but do not provide information about available exemptions in a meaningful way.

In order to evaluate the reasonableness of its concern, the court decided to survey existing cases in which this practice was followed. The court began with a set of 945 small-claims cases, representing all of the small-claims cases that were filed over a recent six-month interval. Using various tools in the court's case-management software, the court then identified 124 cases within that set in which (1) the cause of action involved the collection of consumer debt and (2) the defendant responded to the complaint by admitting that they owed all the money requested in the complaint, and by requesting a payment schedule.* The court then read all 124 of these cases.

In selecting these cases, the court intended to focus upon the situation where a defendant defaulted on a small amount of credit-card debt (typically between $2,000 and $3,000), and where the defendant also indicated that they could not pay this amount immediately. The court's hypothesis was that a substantial percentage of these defendants should be eligible for at least one of the available exemptions, such as by receiving public-assistance benefits, social-security payments, or disability payments. The court therefore expected to see many instances of defendants admitting the debt, requesting payment schedules, and also indicating eligibility for exemptions. Instead, what the court found was that only 11 of the 124 defendants who requested a payment schedule in small-claims consumer-debt cases also checked the box to indicate that some or all of their income may be exempt. In other words, either the court's hypothesis was wrong, or the current instructions do not provide defendants with enough information to know whether or not they may be eligible for an exemption, or why they should check the box if they are.

The court then considered its own experiences. As referenced above, several months ago, the undersigned started providing defendants with a copy of the list of exemptions and a disclosure form whenever they answered a small-claims complaint by admitting the debt and requesting a payment schedule. So far, the court has sent these materials to seven small-claims defendants in consumer-debt cases, none of whom had checked the box to indicate any eligibility for an exemption. Of those seven defendants, two have not responded to the court's entry order, but the remaining five have all returned a disclosure form that indicates (contrary to their answer) that some or all of their income is indeed exempt, either due to the receipt of public benefits from DCF or DVHA, or because they received

---

* There were an additional 27 cases in which a defendant responded to the complaint by admitting that they owed the money requested in the complaint, and by requesting a payment schedule, but the cause of action was something other than the collection of consumer debt. The present case is among these 27, because it does not involve consumer debt. However, the same fundamental conclusions apply. Overall, more than 15% of the cases in the court's sample involved defendants who answered the complaint by requesting a payment schedule.

23-SC-02343 Commissioner of Labor, State of Vermont v. Corey Greene

social-security payments or disability payments. In other words, either this small sample size has produced an anomalous result, or defendants provide different answers about their eligibility for exemptions depending upon whether they receive the current instructions or instead receive an actual copy of the list of exemptions and a disclosure form.

The court's conclusion is that the current instructions do not provide defendants with meaningful information at a meaningful time. Small-claims defendants are asked to self-select whether the court should order them to make payments to the plaintiff according to a schedule, but the instructions do not provide them with enough information to understand whether they are eligible for exemptions, how the exemptions might relate to their decision about whether to pay the debt immediately or request a payment schedule, or whether the court will consider this information when deciding whether to order installment payments. In other words, the current procedures create a risk of erroneous deprivation. *Mathews*, 424 U.S. at 333–35.

The court also concludes that additional information would improve the quality of its decision-making. Most of the defendants who received an actual copy of the list of exemptions responded by completing the disclosure form, and they provided the court with valuable information about whether to approve the proposed payment schedule. The question therefore becomes how best to provide this information to defendants, and how to manage the cases in which the defendant does not respond.

At the oversight level, the rules could be amended to require small-claims plaintiffs to send a list of exemptions and a disclosure form along with the complaint, or the list and disclosure form could be included as an appendix to the instructions. The instructions themselves could provide a better explanation of what the exemptions mean, and how they relate to the decision about whether to send payment directly to the plaintiff or request a payment schedule. The rules could also be amended to clarify the factors that a court must consider before deciding whether to approve an installment judgment.

In the meantime, in cases where the defendant answers the small-claims complaint by admitting the debt and requesting a payment schedule, this court will respond by issuing a brief entry order that explains the issue, and by mailing the entry order to the defendant along with a list of exemptions and a disclosure form. The defendant will be asked to return the disclosure form within 30 days. The court will thereafter review any responsive disclosure and decide whether to order payments, taking into consideration (1) whether the defendant has acknowledged receipt of the list of exemptions, (2) whether the defendant has shown the right to any exemption, (3) whether the defendant has the present ability to make payments, and (4) whether the proposed payment schedule is reasonable. These considerations track the findings that a court must make when deciding whether to order payments following a financial disclosure hearing. Vt. R. Small Claims P. 7(c)(1).

If the defendant has admitted the debt, requested a reasonable payment schedule, and submitted a disclosure form that indicates that they are not eligible for any exemption, the court will probably conclude in most cases that the required findings can be made, and that a judgment should be entered along with an order for the requested installment payments. This would still facilitate the small-claims goal of a streamlined, blended procedure. But if the defendant submits a disclosure form that indicates that they receive public-assistance benefits or are otherwise eligible for an exemption, or if the defendant does not return the disclosure form, the court will not order payments. Instead, the court will review the complaint and answer, and will determine whether judgment should be entered for the

plaintiff based upon the pleadings. This would still be an efficient merits determination, but it would also protect debtors from erroneous deprivation and ensure that public-assistance benefits are not being diverted to the repayment of debt. A defendant may always choose to make payments to the plaintiff if they wish, and a plaintiff may always challenge the determination or otherwise seek court-ordered payments by filing a post-judgment motion for financial disclosure under Vermont Small Claims Procedure Rule 7.

In the court's view, these procedures reduce the risk that a court will erroneously order a defendant to pay a plaintiff with exempt income. These procedures also harmonize the practices of installment judgments and financial disclosure hearings, and ensure that court-ordered payments follow the same basic rules regardless of when the payments are ordered.

Plaintiff criticizes this approach as inconsistent with statewide practice. However, the point of this opinion is that current statewide practices would benefit from change. Moreover, the court's survey revealed that courts throughout the state are already considering these issues. It is true that installment judgments are almost always approved without further hearing in cases where the defendant requests a reasonable payment schedule and does not check the box to indicate eligibility for an exemption. But outcomes were varied in the cases where defendants indicated eligibility for an exemption: some courts still approved an installment judgment without further hearing, but others declined to order payments, or made modifications to the terms of the payment schedule, or set the matter for a hearing. Similar variations emerged in cases where the defendant requested to pay only a few dollars per month towards the satisfaction of the judgment, or otherwise indicated that their income was limited or fixed. In other words, courts are already reviewing requests for installment judgments by considering whether the defendant is eligible for exemptions, whether the defendant has the ability to pay, and whether the proposed payment schedule is reasonable. The problem is not that courts are unconcerned with these issues, but that existing procedures do not provide either defendants or the courts with enough information to safeguard against the risk of erroneous deprivation.

Plaintiff also criticizes the court's analogy between installment payments and financial disclosure hearings, because financial disclosure hearings are a post-judgment procedure, whereas installment payments are incorporated within the judgment itself. In response to this criticism, the court returns to one of its original points, which is that an installment judgment is a unique procedure that blends the traditional functions of judgment and collection within one document. A blended procedure can be efficient, but it still needs to incorporate the protections of all of its components. A court-ordered payment is a court-ordered payment regardless of whether the payment was included within the judgment or was instead ordered following a post-judgment financial disclosure hearing. A defendant who is ordered to pay a plaintiff a certain amount every month must pay the plaintiff that amount every month regardless of whether the payment was ordered within the judgment or was instead ordered following a post-judgment hearing. The same considerations should apply at both times. If anything, the court's sensitivity to the risk of erroneous deprivation should be heightened when the court includes an order to pay within the judgment, because the order in most cases is being made with less information than in the post-judgment context, and without the benefit of an evidentiary hearing. *Mathews*, 424 U.S. at 333–35.

Plaintiff also argues that payment schedules are not a collection mechanism at all. Plaintiff characterizes payment schedules instead as a type of forbearance, in which the defendant agrees to make payments in exchange for some form of consideration from the plaintiff, such as forgiveness of post-judgment interest, or an agreement not to seek immediate execution of the judgment. Language to this effect can be found in many stipulations. Nothing about this decision prevents parties from entering into private forbearance agreements, but there is a difference between a private agreement and a court order to make payments. Fundamentally, the court finds it difficult to interpret court-ordered payments as anything other than a court-ordered collection mechanism. The 124 cases reviewed by the court resulted in judgments totaling more than $300,000 and court-ordered payments exceeding $15,000 per month. The average defendant was ordered to pay about $150 per month for a period of about eighteen months. All of these monthly payments were ordered by the court, and this process is being used in about 15% of all small-claims cases. In the court's view, this is an enforcement mechanism, and a commonly-used one at that.

Plaintiff finally contends that the risk of erroneous deprivation is overstated, because the notice of exemptions is provided later in the event that the defendant falters on their payment schedule and additional collection methods are sought. However, late notice is not sufficient: the information is needed when the defendant decides to request a payment schedule, and when the court decides whether to approve it. None of the 124 cases reviewed by the court involved additional collection efforts—in all of the cases surveyed by the court, the installment payments were the only method of collection undertaken so far. A later notice would not help any of the defendants who follow the court's order to pay the plaintiff according to the terms of the schedule, and would be of little solace to a defendant who was erroneously impoverished in the meantime, or to taxpayers whose public-assistance dollars were erroneously diverted to the repayment of debt.

For these reasons, the court will typically follow the above procedures in small-claims cases where the defendant answers the complaint by admitting the debt and requesting a payment schedule. In this case, the court has already sent the list of exemptions to the defendant, along with the disclosure form. The court will allow 30 days from the file-stamped date of this order within which for the defendant to complete the form and return the disclosure to the court. The court will thereafter decide whether to approve the request for an installment judgment order according to the criteria outlined in this opinion. In the meantime, if there are any questions, either party may file a written request for a status conference.

Electronically signed on Thursday, January 4, 2024 pursuant to V.R.E.F. 9(d).

Vermont Superior Court
Filed 01/05/24
Windsor Unit

H. Dickson Corbett
Superior Court Judge